**William C. CURTIS, Appellant,**

v.

**Donna CURTIS, Appellee.**

**No. 11715.**

Court of Civil Appeals of Texas.

Austin.

Dec. 3, 1969.

---

Durleen Wilson Curtis, William C. McDonald, San Angelo, for appellant.

No appearance for appellee.

HUGHES, Justice.

William C. Curtis, appellant, filed a motion in the trial court requesting that an order theretofore entered in such court in Cause No. 34,671–B, requiring him to pay into the registry of such court the sum of $170.00 per month, commencing December 1, 1968, for the support of his two minor children, Barbara Lynn Curtis and William C. Curtis, Jr., born December 28, 1960 and and May 5, 1962, respectively, be modified and the support payments reduced to a total payment not exceeding $50.00 per month. After a hearing, the court denied the motion.

Appellant alleged that he could not possibly pay the amount of the support payment required of him. This is literally true because appellant has no property and refuses to work.

We will recite some of the sorry facts reflected by this record.

Appellant and Donna Curtis were divorced by judgment in this cause entered November 1, 1968. The judgment partitioned their estates, giving to appellant a 1967 Mustang automobile, which he testified was sold for the debt against it. Appellee was awarded a lake lot which she testified was worth $1,500.00, and she gave this to her parents "to help pay for debts incurred." Appellee was also awarded stocks in two funds valued at less than $800.00, and furniture valued at $70.00.

On July 7, 1968,[1] appellant married Durlene Wilson, a member in good standing of the State Bar of California, who at the time of trial was overseeing the operation of the Polynesian Inn, a topless night club in Albuquerque, New Mexico.

Appellant is a high school graduate and has two and one half years of college education. When the parties last lived together, in February 1968, appellant was earning $900.00 per month. He left this job voluntarily. Appellant is and has been in excellent physical and mental health. He has not worked since he quit his $900.00 a month job. We quote some of his testimony:

"Q Mr. Curtis, at this time what are you doing?

A I am a student at the University of New Mexico.

Q A student at the University of New Mexico?

A Yes, sir. * * *

Q I meant to say what were you doing prior to February '69?

A As far as employment is concerned?

Q Yes?

A Nothing.

Q You were unemployed?

A Yes, sir.

Q Totally unemployed?

A Yes, sir. * * *

Q Are you able-bodied?

A I think so.

---

1. Appellant was relying upon the validity of a divorce obtained in Mexico prior to this date.

Q Are you physically able to work if you wanted to?

A If I wanted to? I am going to school right now.

Q You are not mentally incompetent?

A I don't believe so. * * *

Q You can hold a job if you wanted to?

A I don't know, sir. I am going to school right now. * * *

Q What did you do from March 1, 1968 to February 1, 1969?

A Well, first moved my family back here to San Angelo from Las Vegas.

Q In the way of employment?

A Oh? Nothing.

Q Nothing?

A No, sir.

Q Did you look for a job?

A No, sir.

Q Why didn't you?

A Because I was accompanying my wife on a trip.

Q You do have two children, don't you?

A Yes, sir.

Q By marriage to Mrs. Curtis?

A Right.

Q Now, during March 1, 1968 to February 1st you did not do anything but accompany your present wife around the country, is that what you are saying?

A Not all that time.

Q What did you do during that time?

A I started to tell you, sir. Moved back from Las Vegas to San Angelo; tried to secure employment in San Angelo; could not.

Q When did you leave San Angelo?

A I left San Angelo near the end of March. I went to Albuquerque, New Mexico.

Q What did you do in the way of employment from April 1, 1968, to February 1, 1969?

A Nothing.

Q Didn't do a single thing?

A No, sir.

Q Didn't make a single dollar for almost a whole year?

A Right.

Q Who supported you?

A Mrs. [Durlene] Curtis.

Q And did you look for a job during that length of time?

A No, sir.

Q Do you have any explanation why, knowing you had two children, you didn't try to find employment?

A No, sir. * * *

A First of all, from April 1st until July 25th, no, I don't. After that I was traveling with my wife [Durlene] and my son.

Q You were traveling with your wife from July to February?

A From July until December.

Q July to December; that was a vacation or business trip?

A Her business trip.

Q Her business. Where all did you go?

A Went to Miami, Florida; New Orleans; British Honduras; Seattle, Washington; Portland, Oregon; Boise, Idaho.

Q None of this time you worked?

A No, sir.

Q And what did you do from December to February?

A Nothing. * * *

Q You ask the Court to reduce the child support payments to something that

you might be able to borrow now, is that correct?

A Yes, sir.

Q How much do you think would be the maximum you can borrow?

A I have no idea.

Q You think it would be $50 a month?

A I have been unsuccessful.

Q You have been unsuccessful?

A Yes, sir."

Mrs. Donna Curtis, appellee, is employed at Goodfellow Air Force Base in San Angelo. Her take home pay is $280.00 per month. The inadequacy of this amount to support herself and the two children of her and appellant is obvious.

We do not underestimate the value of an education, but in this day of priorities we have no hesitancy in holding, under this record, that the first priority for appellant is to care for his progeny. We agree with the trial court when he said, "I think it is time to go to work, Mr. Curtis."

The judgment of the trial court is affirmed.

Affirmed.